# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8940 | **DATE** | 12/19/2012 |
| **CASE TITLE** | MALIBU MEDIA, LLC v. JOHN DOES 1-33 | | |

**DOCKET ENTRY TEXT**

Plaintiff Malibu Media, LLC's *ex parte* motion for leave to serve third party subpoenas regarding John Does 1-33 prior to a Rule 26(f) conference [5] is denied. On its own motion, the court severs and dismisses without prejudice the claims against John Does 2-33. An amended complaint identifying John Doe 1 is due February 18, 2013 or the case will be dismissed. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Malibu Media, LLC owns the copyrights to sixteen federally registered pornographic motion pictures ("the works") and sues thirty-three defendants identified by an Internet Protocol address for direct and contributory copyright infringement in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* Malibu Media claims the John Doe defendants illegally copied and distributed the same torrent file containing the works using BitTorrent peer-to-peer sharing protocol. Malibu Media moves *ex parte* for immediate discovery from Internet Service Providers ("ISPs") to obtain the names, addresses, telephone numbers, email addresses, and Media Access Control ("MAC") addresses of the John Doe defendants.

As an initial matter, Malibu Media may not proceed against all the John Doe defendants in a single suit unless the elements of joinder are met. Multiple defendants may be permissively joined in a single action if (1) plaintiff asserts a right to relief against them jointly, severally, or in the alternative with respect to the same transaction, occurrence, or series of transactions or occurrences, and (2) common questions of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(2). Joinder is strongly encouraged. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Courts have broad discretion to dismiss or sever claims against a party and may do so at any time "on just terms." Fed. R. Civ. P. 21; *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Malibu Media alleges John Does 1-33 are properly joined under Rule 20(a)(2). It claims the John Does are jointly and severally liable because their individual acts of alleged copyright infringement were part of a "series of transactions." Compl. ¶ 11. Specifically, Malibu Media claims each of the John Does was part of the "swarm" that illegally copied the works from the same torrent file identified by a unique hash number. *Id.* ¶¶ 14-15, 36, 42. Malibu Media alleges the existence of common questions of law and fact because its claims

| | Courtroom Deputy Initials: | MG |
|---|---|---|

## STATEMENT

against the John Does are identical and each John Doe used BitTorrent protocol to infringe the works. *Id.* ¶ 11.

Courts are split regarding whether defendants may be joined in a single action based on their participation in the same "swarm." *Compare, e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995(DRH)(GRB), 12 -1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *11 (E.D.N.Y. May 1, 2012) (Brown, J.) (joinder inappropriate where allegations fail to show defendants shared file portions with each another), *SBO Pictures, Inc. v. Does 1-57*, No. RWT 12cv22, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (Titus, J.) (same), *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 498-99 (D. Ariz. 2012) (Teilborg, J.) (same), *with Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at *2-3 (N.D. Ill. June 12, 2012) (Leinenweber, J.) (permitting joinder of defendants who participated in the same swarm), *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012) (Nathan, J.) (same); *First Time Videos v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (Castillo, J.) (same).

The court is persuaded by the reasoning of decisions that permissive joinder is not appropriate because Malibu Media has failed to sufficiently allege that the John Doe defendants' separate acts of infringement were part of the same "series of transactions." Malibu Media's allegations the John Does acted in concert are wholly speculative. Nowhere in the complaint does Malibu Media allege the John Does downloaded or uploaded copyrighted material directly with each other. Rather, Malibu Media alleges the John Does "directly interacted and communicated *with other members of that swarm* . . . ." Compl. ¶ 36 (emphasis added). A swarm may contain thousands of users. Malibu Media's allegations may be sufficient to show the John Does committed the same *type* of violation (copyright infringement of the works) in the same way (using BitTorrent protocol), but they fail to show they acted in concert. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163-64 (N.D. Cal. 2011) (Spero, J.) ("[u]nder the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue . . . .").

Nor do the dates and times of the John Doe defendants' alleged infringement suggest their actions were part of the same transaction or series of transactions. The John Doe acts of infringement occurred over a two-month period from August 18, 2012 to October 22, 2012. *See* Compl. Ex. A. Significant temporal gaps exist between the alleged infringing transactions. Twelve of the 33 John Doe defendants allegedly copied the works on the same days, but only two John Doe defendants were active in the swarm within two hours of each other, and no other John Does were active within seven hours of each other. *See* Compl. Ex. C (listing dates and times of alleged infringement). BitTorrent protocol is designed to facilitate the fast dissemination of data. *See* Declaration of Tobias Fieser Ex. A, Functional Description of IPTRACKER v1.2.1 at 11 (describing BitTorrent peer-to-peer network). Malibu Media's allegations do not establish that John Does who copied the works on different days, or even hours apart on the same day, shared portions of the torrent file with each other so as to constitute the same transaction or series of transactions for the purpose of permissive joinder. Consequently, Malibu Media has failed to establish the first requirement of permissive joinder.

In the interests of fairness, the court exercises its discretion under Rule 21 to sever and dismiss Malibu Media's claims against John Does 2-33. *See Hard Drive*, 809 F. Supp. 2d at 1165 (severing all Doe defendants except one). Good cause does not exist for Malibu Media to subpoena the ISPs to ascertain the identities of the severed John Doe defendants.

*Suzanne B. Conlon*